# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHELLE R. MATHIS, *et al.*,

        Plaintiffs,

v.

CARRIER IQ INC., *et al.*,

        Defendants.

Case No.: 2:12-cv-184
JUDGE SMITH
Magistrate Judge King

## OPINION AND ORDER

This matter is before the Court on Defendant Google Inc.'s Motion to Dismiss (Doc. 15); Defendant Carrier IQ Inc.'s Motion to Dismiss (Doc. 19); and Defendant T-Mobile USA, Inc.'s Motion to Dismiss (Doc. 29). Plaintiff has filed a response and this matter is now ripe for review. For the reasons that follow, Defendants' Motions to Dismiss are **GRANTED**.

### I.     BACKGROUND

Plaintiff Michelle Mathis initiated this class action lawsuit on February 29, 2012, on behalf of herself and all others similarly situated, against Defendants Carrier IQ Inc., AT&T Inc., T-Mobile USA Inc., Google, Inc., Samsung Electronics America Inc., and Samsung Telecommunications America LLC.

Plaintiff asserts that she is bringing this class action arising out of a cell phone tracking scandal on behalf of a class of all persons that had or continue to have a wireless contract, service, handheld device, computer, mobile phone and smart phone with at least one of the Defendants. Plaintiff and members of the class had or continue to have wireless contracts, service, handheld

devices, computer, mobile phones and smart phones which contained "rootkit" software designed and sold by Carrier IQ and whose privacy and data was violated. Plaintiff alleges violations of the Federal Wiretap Act, violation of 18 U.S.C. § 2520(a), violation of the Stored Electronic Communications Act, and violation of the Computer and Abuse Act. Plaintiff is seeking compensatory and punitive damages on behalf of herself and other members of the class in the amount of $500 billion dollars.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a

legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Defendant Google Inc. has moved to dismiss Plaintiff's Complaint asserting that Plaintiff Mathis has copied her Complaint from *Pacilli v. Carrier IQ, et al.*, D. Del. Case No. 11-cv-01199, one of more than sixty class action lawsuits that are currently pending in Multidistrict Litigation proceedings in the Northern District of California. Defendant asserts that *pro se* litigants cannot bring class actions because non-lawyers cannot represent others. Defendants T-Mobile and Carrier IQ have joined in this motion. Defendants AT&T and Samsung Electronics and Samsung Telecommunications have not moved or otherwise pled.

Plaintiff Mathis is proceeding *pro se*, and accordingly, this Court must construe Plaintiff's allegations liberally and apply a less stringent standard to those pleadings than to a complaint drafted by counsel. *Burrell v. Henderson*, 483 F. Supp.2d 595, 599-600 (S.D. Ohio 2007). However, a court does not need to accept as true "legal conclusions or unwarranted factual inferences." *Id.* at 600.

Defendants are correct in their assertion that non-attorneys proceeding *pro se* cannot adequately represent a class. *See Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004); *see also Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claim to federal court without counsel, but not the claims of others."). "This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Flymbo*, 213 F.3d at 1321.

Additionally, Plaintiff bears the burden of proof in seeking class certification and she has failed to carry that burden. The existence of the class must be pleaded and the limits of the class must be defined with some specificity. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (quoting *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir.1976)). Plaintiff makes no attempt to define the class and many of the claims are so general that they may not even apply to this Plaintiff.

Plaintiff generally responds to the Motions to Dismiss arguing that "Pro Se litigants can bring class actions [sic] lawsuits because the class members would represent a similar situation that the Plaintiff is being subjected to from Defendants and this is why the court of law would need to determine whether it meets class action status." (Pl.'s Response at 2). Additionally, Plaintiff asserts that *Flymbo* is not applicable to her case "because Plaintiff is not a Prisoner but a

4

huge human traffick [sic] victim skilled in the law of the court and the court would err considerably in dismissing this cause of action." (Pl.'s Response at 5). Plaintiff, however, has failed to provide any legal support or otherwise that would permit her to represent a class of people. Accordingly, Plaintiff's Complaint attempting to bring a class action lawsuit is dismissed. If Plaintiff wishes to assert an individual action against the Defendants acting only on her own behalf, then she shall file a Complaint that complies with the Federal Rules of Civil Procedure within 14 days of the entry date of this Order. Failure to do so will result in dismissal of this action.

Plaintiff also requests that I recuse myself and also seeks a change of venue to the Northern District of California. At this time, Plaintiff has not set forth a valid complaint as she has attempted to bring a class action lawsuit which is barred under the law because she is not an attorney. If Plaintiff intends to pursue an action on her own behalf, then she can resubmit the aforementioned requests at a later date.

## IV. CONCLUSION

Based on the foregoing, Defendant Google Inc.'s Motion to Dismiss (Doc. 15); Defendant Carrier IQ Inc.'s Motion to Dismiss (Doc. 19); and Defendant T-Mobile USA, Inc.'s Motion to Dismiss (Doc. 29) are **GRANTED**.

The Clerk of Courts is ordered to removed Documents 15, 19, and 29 from the Court's pending motions list.

If Plaintiff has not filed a new Complaint within 30 days of the entry of this Order, then the Clerk is further instructed to remove this case from the Court's pending cases list. The action shall be dismissed without prejudice.

**IT IS SO ORDERED**.

      */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**